| | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Lee Shearer** | | |
| | First Name    Middle Name    Last Name | | |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | | |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF OHIO** | | |
| Case number: | **19-62544** | | |
| (If known) | | | |

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.1, 3.2 and 5.1**

Official Form 113
# Chapter 13 Plan

12/17

## Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ■ Included | ☐ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ■ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ■ Included | ☐ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1**  Debtor(s) will make regular payments to the trustee as follows:

**$954** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**  Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
■ Other (specify method of payment):
**Direct Pay through TFS- employment jeopardized if garnished.**

**2.3 Income tax refunds.**

| Debtor | **Kevin Lee Shearer** | Case number | **19-62544** |
|---|---|---|---|

*Check one.*
- ☐ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ■ Debtor(s) will treat income refunds as follows:
  **Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the Trustee all income tax refunds received during the plan term -- if and only if the tax refunds for that year are over $2,000.**

**2.4 Additional payments.**
*Check one.*
- ☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.
- ■ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
  **see #4 in special provisions below**

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>**57,240.00**</u>.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

  (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **AmeriCredit/GM Financial** | $16,150.54 | **2015 Chevrolet Silverado 121,000 miles** | $14,642.00 | $0.00 | $16,150.54 | 6.25% | $717.62 | $17,222.88 |

Official Form 113          **Chapter 13 Plan**          Page 2

| Debtor | Kevin Lee Shearer | Case number | 19-62544 |
|---|---|---|---|

*Insert additional claims as needed.*

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Lien avoidance.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*
- ■ **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**5,724.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,000.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $        .
- ■ **40.00**% of the total amount of these claims, an estimated payment of $  **26,743.12**  .
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $  **0.00**  . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

Official Form 113                                           **Chapter 13 Plan**                                           Page 3
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

19-62544-jpg    Doc 23    FILED 02/26/20    ENTERED 02/26/20 22:33:41    Page 3 of 10

| | |
|---|---|
| Debtor **Kevin Lee Shearer** | Case number **19-62544** |

■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3  **Other separately classified nonpriority unsecured claims.** *Check one*.

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
■ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| **Internal Revenue Service** | personal income taxes | $3,800.00 | 0.00% | $3,800.00 |
| **Ohio Dept of Taxation** | estimated 2019 personal income taxes | $750.00 | 0.00% | $750.00 |

*Insert additional claims as needed.*

## Part 6:  Executory Contracts and Unexpired Leases

6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one*.

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7:  Vesting of Property of the Estate

7.1  **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
■ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8:  Nonstandard Plan Provisions

8.1  **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**1. No provision in this plan is intended to waive any of the debtors' rights under any state or Federal law, including any counterclaims that the debtors may have or any other reason the debtors may have to object to allowance of a claim, in whole or in part.**

**2. All creditors must file Proofs of Claim in order to receive a distribution from the trustee. Any creditor that receives notice of the case but fails to file a TIMELY Proof of Claim will not receive a distribution and the claim will be discharged without payment.**

**3. All distributions on allowed claims provided for in the plan shall be made by the Trustee in equal installments to the extent of available claims over the terms of the plan in accordance withe the distribution priority set forth in the Bankruptcy Code.**

**4. Upon completion of Non-Filing Spouse's 401(k) Loans -- Debtor will increase payments into the plan contributing an additional $148.00 per month starting 08/2020 which is after the completion of Non-Filing Spouse's 401(k) Loan #2. Debtor will provide updated paystubs of Debtor and Non-Filing Spouse to Trustee by 07/31/2020. Debtor will amend schedules I/J to address any increase/decrease in income or expenses at that time.**

**Debtor will increase payments into the plan contributing an additional $194.00 per month starting 09/2021 which is after the completion of Non-Filing Spouse's 401(k) Loan #1. Debtor will provide updated paystubs of Debtor and Non-Filing Spouse to Trustee by 08/31/2021. Debtor will amend schedules I/J to address any increase/decrease in income or expenses at that**

| Debtor | Kevin Lee Shearer | Case number | 19-62544 |
|---|---|---|---|

time.

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X **/s/ Kevin Lee Shearer**
**Kevin Lee Shearer**
Signature of Debtor 1

X
Signature of Debtor 2

Executed on **February 26, 2020**

Executed on

X **/s/ Deborah L Mack**
**Deborah L Mack**
Signature of Attorney for Debtor(s)

Date **February 26, 2020**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Official Form 113     Chapter 13 Plan     Page 5
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

19-62544-jpg     Doc 23     FILED 02/26/20     ENTERED 02/26/20 22:33:41     Page 5 of 10

| | Debtor | **Kevin Lee Shearer** | Case number | **19-62544** |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $17,222.88 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $8,724.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $26,743.12 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $4,550.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $57,240.00 |

# CERTIFICATE OF SERVICE

   I certify that on February 26, 2020, a true and correct copy of the Amended Plan and Notice were served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- **Dynele L Schinker-Kuharich**   DLSK@Chapter13Canton.com
- **United States Trustee**   (Registered address)@usdoj.gov
- **Edward A. Bailey**   bknotice@reimerlaw.com

And via Certified Mail, Return Receipt Requested, postage prepaid US Mail to the following:

- **Ohio Department of Taxation**
  c/o Cory Steinmetz
  30 E Broad Street, 21st Floor
  Columbus, OH 43215

- **Internal Revenue Service**
  P.O. Box 7346
  Philadelphia, Pennsylvania 19101-7346

- **Internal Revenue Service**
  Insolvency Group 6
  1240 East Ninth Street, Room 493
  Cleveland, Ohio 44199

- **Attorney General of the United States**
  U.S. Department of Justice Tax Division
  Civil Trial Section, Northern Region
  P.O. Box 55, Ben Franklin Station
  Washington, D.C. 20044

- **Office of the United States Attorney**
  Attn: Bankruptcy Section
  Carl B. Stokes United States Court House
  801 West Superior Avenue, Suite 400
  Cleveland, Ohio 44113-1852

- **AmeriCredit/GM Financial**
  c/o Corporation Service Company
  50 West Broad Street, Suite #1330
  Columbus, OH 43215

- **GM Financial**
  c/o AmeriCredit Financial Services, Statutory Agent
  801 Cherry Street, Suite #3600
  Fort Worth, TX 76102

And via regular postage prepaid US Mail to the following:

- **Kevin Shearer**
  1814 Sawmill Place
  Lexington, OH 44904

- All creditors contained in the attached mailing matrix.

/s/ Deborah L Mack #0067347
Attorney Deborah L Mack, JD/MBA
53 E Main St, Lexington, OH 44904
T:  419.884.4600
F:  800.410.3620 facsimile
E:  Debbie@OhioFinancial.Lawyer
Attorney for Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0647-6<br>Case 19-62544-rk<br>Northern District of Ohio<br>Canton<br>Wed Jan  8 20:14:22 EST 2020 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | United States Bankruptcy Court<br>Ralph Regula U.S. Courthouse<br>401 McKinley Avenue SW<br>Canton, OH 44702-1745 |
| (p)AMERICREDIT FINANCIAL SERVICES DBA GM FINAN<br>PO BOX 183853<br>ARLINGTON TX 76096-3853 | AmeriCredit/GM Financial<br>Attn: Bankruptcy<br>Po Box 183853<br>Arlington, TX 76096-3853 | American Express Trvl Srv<br>Attn: Bankruptcy<br>Po Box 981537<br>El Paso, TX 79998-1537 |
| Amex<br>Po Box 297871<br>Fort Lauderdale, FL 33329-7871 | (p)OHIO ATTORNEY GENERAL'S OFFICE<br>ATTN BANKRUPTCY UNIT COLLECTIONS ENFORCEMENT<br>150 E GAY ST<br>21ST FLOOR<br>COLUMBUS OH 43215-3191 | Attorney General of the US<br>Main Justice Building<br>10th & Constitution Ave, NW<br>Washington, DC 20530-0001 |
| Avita Health System<br>269 Portland Way S<br>Galion, OH 44833-2312 | Barclays Bank Delaware<br>Attn: Correspondence<br>Po Box 8801<br>Wilmington, DE 19899-8801 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One /Cabellas<br>PO Box 30258<br>Salt Lake City, UT 84130-0258 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Citibank<br>Attn: Recovery/ Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 |
| Credit One Bank<br>Attn: Bankruptcy Dept<br>Po Box 98873<br>Las Vegas, NV 89193-8873 | Debt Recovery Solutions of Ohio<br>Attn: Bankruptcy<br>PO Box 130<br>Mansfield, OH 44901 | Directions Credit Union<br>200 N Saint Clair St<br>Toledo, OH 43604-1549 |
| First Bankcard /Jeep<br>PO Box 2557<br>Omaha, NE 68103-2557 | First National Bank<br>Attn: Bankruptcy<br>1620 Dodge St Mailstop 4440<br>Omaha, NE 68197-0002 | First National Bank of Omaha<br>1620 Dodge Street, Stop Code 3129<br>Omaha, NE 68197-0002 |
| Huntington National Bank<br>PO Box 2360<br>Omaha, NE 68103-2360 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Mercury/FBT<br>Attn: Bankruptcy<br>Po Box 84064<br>Columbus, GA 31908-4064 |
| Ohio Dept of Taxation<br>4485 Northland Ridge Blvd<br>Columbus, OH 43229-6596 | Phillips & Cohen Assoc Ltd<br>Mail Stop: 661<br>1002 Justison St<br>Wilmington, DE 19801-5148 | Synchrony Bank/Amazon<br>Attn:  Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank/Walmart<br>Attn:  Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | World's Foremost Bank<br>Attn: Bankruptcy<br>4800 Nw 1st St<br>Lincoln, NE 68521-4463 | Deborah L. Mack<br>53 E Main Street<br>Lexington, OH 44904-1224 |

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702-1435

Kevin Lee Shearer
1814 Sawmill Place
Mansfield, OH 44904-1713

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AmeriCredit Financial Services, Inc.
dba GM Financial
P O Box 183853
Arlington, TX 76096

Attorney General of Ohio
Collection Enforcement Section
Attn Bankruptcy Staff
150 E Gay St, 21st Floor
Columbus, OH 43215

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)AmeriCredit Financial Services, Inc.

(d)Citibank
Attn: Recovery/Bankruptcy
Po Box 790034
St Louis, MO 63179-0034

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    31
Bypassed recipients     3
Total                  34